Case 1:13-cv-03399-WJM-KMT   Document 37   Filed 07/10/14   USDC Colorado   Page 1 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-3399-WJM-KMT

RYAN DECOTEAU,
ANTHONY GOMEZ, and
DOMINIC DURAN, on behalf of themselves and all other similarly situated,

    Plaintiffs,

v.

RICK RAEMISCH, in his official capacity as the Executive Director of the Colorado Department of Corrections, and
TRAVIS TRANI, in his official capacity as the Warden of the Colorado State Penitentiary and Centennial Correctional Facility,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DENYING PLAINTIFFS' MOTION TO CONSOLIDATE CASES

    Plaintiffs Ryan Decoteau, Anthony Gomez, and Dominic Duran ("Plaintiffs") bring this action on behalf of themselves and all other inmates who are currently or have previously been incarcerated at the Colorado State Penitentiary ("CSP") against Defendants Rick Raemisch and Travis Trani ("Defendants"), the Executive Director and Warden of the Penitentiary.  (ECF No. 1.)  Plaintiffs allege that Defendants' policy of denying outdoor exercise to all inmates housed in administrative segregation at CSP violates the Eighth Amendment's prohibition on cruel and unusual punishment.  (*Id*. at 18.)  Plaintiffs seek an injunction requiring Defendants to comply with the Eighth Amendment by providing regular access to outdoor exercise.  (*Id*. at 20.)

    Before the Court are the following motions: (1) Motion for Class Certification

(ECF No. 12); and (2) Motion to Consolidate Cases (ECF No. 22).  For the reasons set forth below, the Motion for Class Certification is granted and the Motion to Consolidate is denied.

## I.  MOTION FOR CLASS CERTIFICATION

Plaintiffs ask the Court to certify the following class: "All inmates who are now or will in the future be housed in administrative segregation at the Colorado State Penitentiary and who are now or will in the future be subjected to the policy and practice of refusing to provide such inmates access to outdoor exercise" ("Class").  (ECF No. 12 at 4.)

**A.   Rule 23**

As the parties seeking class certification, Plaintiffs must first demonstrate that all four prerequisites of Fed. R. Civ. P. 23(a) are clearly met.  *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206 (10th Cir. 2013).  These threshold elements consist of the following: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

If Plaintiffs prove they have met these threshold requirements, they must then demonstrate that the action falls within one of the three categories set forth in Rule 23(b).  *Shook*, 386 F.3d at 971.  Here, Plaintiffs seek certification pursuant to Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act

on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

The party seeking to certify a class bears the strict burden of proving the requirements of Rule 23. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). In determining the propriety of a class action, the question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982). When deciding whether the proposed class meets the requirements of Rule 23, the Court accepts the Plaintiffs' substantive allegations as true, though it need not blindly rely on conclusory allegations and may consider the legal and factual issues which the complaint presents. *Shook*, 386 F.3d at 968; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009). The Court should not pass judgment on the merits of the case, but must conduct a "rigorous analysis" to ensure that the requirements of Rule 23 are met. *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

The decision whether to grant or deny class certification "involves intensely practical considerations and therefore belongs within the discretion of the trial court." *Tabor*, 703 F.3d. at 1227.

**B.     Analysis**

As set forth below, the Court finds Plaintiffs have satisfied the Rule 23 requirements.

1. <u>Numerosity</u>

To establish the numerosity requirement of Rule 23(a)(1), Plaintiffs must demonstrate that the class is so numerous as to render joinder of all members impracticable. To satisfy this requirement, Plaintiffs must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved. *See Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978).

Plaintiffs have submitted evidence showing that there are presently at least 500 inmates housed in administrative segregation at CSP. (ECF No. 12-1 at 6.) Defendants do not dispute this number. Courts have found far smaller class sizes than this to be sufficiently numerous to satisfy Rule 23(a)(1). *See Schreiber v. National Collegiate Athletic Ass'n*, 167 F.R.D. 169, 174 (D. Kan. 1996) (certifying a proposed class of 300); *Wilcox Dev. Co. v. First Interstate Bank*, 97 F.R.D. 440, 443 (D. Ore. 1983) (class of 40 is sufficient to satisfy numerosity requirement); *Dale Elec., Inc. v. R.C.L. Elecs., Inc.*, 53 F.R.D. 531, 534-36 (D.N.H. 1971) (13 members found sufficient).

Additionally, the fact that the Class definition is fluid—in that it calls for the addition of new inmates when they are transferred to CSP—further supports a finding that joinder is impracticable. *See U.S. ex rel. Green v. Peters*, 153 F.R.D. 615, 618 (N.D. Ill. 1994) (certifying class of approximately 300 inmates and noting that "the true impracticability of joinder is reinforced" when considering the fluid nature of a class of prisoners); *Andre H. v. Ambach*, 104 F.R.D. 606, 611 (S.D.N.Y. 1985) ("The fact that the population . . . is constantly revolving establishes sufficient numerosity to make joinder of the class members impracticable."); *Arthur v. Starrett City Assocs.*, 98 F.R.D.

500, 505-06 (E.D.N.Y. 1983) ("This fluctuating nature of the pool of prospective plaintiffs further demonstrates the impracticability of joinder.").

Defendants argue that Plaintiffs cannot satisfy the numerosity requirement because they cannot show that each member of the proposed Class has exhausted his administrative remedies under the Prisoner Litigation Reform Act ("PLRA"). (ECF No. 19 at 9-11.) Plaintiffs acknowledge that the PLRA has an exhaustion requirement, but argue that they can satisfy this requirement vicariously when pursuing a class action by showing that each of the named Plaintiffs has exhausted his administrative remedies. (ECF No. 27 at 6.) The Court agrees. Although there is no case law in the Tenth Circuit directly on point, other circuit courts across the country have held that the PLRA's exhaustion requirement is limited to the class representatives.[1] *See Chandler v. Crosby*, 379 F.3d 1278, 1287 (11th Cir. 2004) (holding that "a class of prisoner-plaintiffs certified under Rule 23(b)(2) satisfies the PLRA's administrative exhaustion requirement through 'vicarious exhaustion,' *i.e.*, when one or more class members ha[s] exhausted his administrative remedies with respect to each class claim raised by the class" (alteration in original) (internal quotation marks and citation omitted)); *Gates v. Cook*, 376 F.3d 323, 330 (5th Cir. 2004) (stating that one class member's exhaustion "is enough to satisfy [the PLRA's exhaustion] requirement for the class"); *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (explaining

---

[1] Defendants argue that the continuing viability of these cases is questionable in light of *Dukes* and *Woodford v. Ngo*, 548 U.S. 81 (2006). (ECF No. 19 at 9-10.) However, *Dukes* was not a prisoner case and therefore had nothing to do with the PLRA's exhaustion requirement. While *Woodford* involved the PLRA and its exhaustion requirement, it was not a class action. Thus, the Court does not find that these later cases call into question the reasoning behind the vicarious exhaustion doctrine for prisoner class action cases.

that so long as one member of the prisoner class pursued the available administrative remedies, "the plaintiff class has met the filing prerequisite").

The Court finds the reasoning behind these cases sound. Exhaustion by the named Plaintiffs allows prison officials an opportunity to address the merits of a claim while avoiding the requirement that all class members exhaust, which could unduly burden the prison's complaint system. *See Woodford*, 548 U.S. at 93 (purpose of PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"). In this case, Plaintiffs have submitted evidence showing that each of the three named Plaintiffs has submitted grievances to the proper authorities within CSP, and has appealed those grievances such that his administrative remedies have been exhausted. (ECF No. 27-1 at 4-25.) Thus, Defendants have had at least three opportunities at each stage of the grievance process to review their policies regarding access to outdoor exercise for inmates in administrative segregation. As the named Plaintiffs have exhausted their administrative remedies, the Court finds that the fact that other members of the Class have not done so is irrelevant to the numerosity requirement.

Accordingly, the Court finds that Plaintiffs have satisfied their burden under Rule 23(a)(1).

2. Commonality

The commonality element of Rule 23(a)(2) requires that there be questions of law or fact that are common to the class. The United States Supreme Court recently held that in order to satisfy this requirement, the claims of the members of the proposed class must depend on a common contention which is "of such a nature that it is capable

of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart Stores, Inc. v. Dukes*, — U.S. —, 131 S. Ct. 2541, 2551 (2011).  Thus, "what matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation."  *Id*.  "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. (internal quotation and citation omitted).

The proposed Class in this case consists of inmates that are all subjected to the same policy that denies access to outdoor exercise for all prisoners housed in administrative segregation at CSP.  (ECF No. 12 at 4.)  Defendants admit that the proposed Class members are all subject to the same policy so long as they remain in administrative segregation at CSP.  However, Defendants argue that this is not sufficient to establish commonality because whether the denial of outdoor exercise violates the Eighth Amendment is an individualized inquiry that depends on the amount of time that the inmate has been denied access.  (ECF No. 19 at 5.)  Because members of the Class have been at CSP for varying lengths of time, Defendants contend that there is no commonality between their claims.  (*Id*.)

The Court agrees that the ultimate issue of whether the denial of access to outdoor exercise constitutes an Eighth Amendment violation turns, in large part, on the length of the deprivation.  *See Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994) ("Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of

time would constitute cruel and unusual punishment prohibited by the Eighth Amendment."); *Smith v. Sullivan*, 553 F.2d 373, 379 (5th Cir. 1977) ("[C]onfinement for long periods of time without the opportunity for regular outdoor exercise does, as a matter of law constitute cruel and unusual punishment."). Although there is no bright line rule for when denial of outdoor exercise becomes cruel and unusual punishment, the Tenth Circuit has held than an inmate who was denied outdoor exercise for nine months stated a claim for an Eighth Amendment violation. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 805 (10th Cir. 1999).

Plaintiffs here have presented evidence showing that Defendants' policies on administrative segregation require that inmates progress through at least four different levels before they can be released back into general population, and that this progressive process "is typically a minimum of nine (9) months in duration." (ECF No. 19-3 at 7.) Inmates are denied access to outdoor exercise at each of the four levels of administrative segregation. (ECF No. 1 at 2-3.) Thus, based on Defendants' current administrative segregation policies, each inmate placed in administrative segregation at CSP will be denied access to outdoor exercise for at least nine months.

There will certainly be some variability within the Class as to how long each inmate has been denied outdoor exercise, as the Class contains inmates who have just been transferred to administrative segregation at CSP, and some who have already been housed there for some period of time. As for the former, however, because those inmates will eventually have to spend at least nine months in administrative segregation, they will necessarily be denied access to outdoor exercise for a sufficient length of time to state a claim for an Eighth Amendment violation. *See Perkins*, 165

F.3d at 805. Accordingly, the Court finds that Plaintiffs have established that the common issues of fact and law so as to satisfy Rule 23(a)(2).

    3.    <u>Typicality</u>

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of those of the class which they seek to represent. The positions of the class representatives need not be identical to those of the other class members, so long as there is a sufficient nexus between the claims of the class representatives and the common questions of law or fact which unite the class. *Clark v. State Farm Mut. Auto. Ins. Co.*, 245 F.R.D. 478, 484 (D. Colo. 2007). "The commonality and typicality requirements tend to merge," and both "serve as guideposts for determining whether. . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated." *Young v. Dollar Tree Stores, Inc.*, 2012 WL 3704997 (D. Colo. 2012).

The named Plaintiffs in this case are three inmates currently imprisoned in administrative segregation at CSP and who are being denied access to outdoor exercise. (ECF No. 1 at 5-6.) The named Plaintiffs have been housed at CSP since February 18, 2011, February 1, 2013, and March 6, 2013. (*Id*. at 15-17.) At this point, each of the named Plaintiffs has been denied access to outdoor exercise for over a year, which is sufficient to state a claim for an Eighth Amendment violation. *See Perkins*, 165 F.3d at 805. The named Plaintiffs are subjected to the same policy of denying access to outdoor exercise as the rest of the proposed Class. As such, the Court finds that the claims of the named Plaintiffs are typical of the Class for purposes of Rule 23(a)(3).

4. <u>Ability to Represent Class</u>

Finally, Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class. This requirement entails the resolution of two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002). Plaintiffs bear the initial burden of demonstrating facts to support a finding that they will adequately protect the interests of the class. *Schwartz v. Celestial Seasonings, Inc.*, 178 F.R.D. 545, 552 (D. Colo. 1998). Once the plaintiffs have made a *prima facie* showing of adequate representation, the burden shifts to the defendant. *Id*. Absent evidence to the contrary, a presumption of adequate representation is invoked. *Id*.

Plaintiffs' counsel has significant experience litigating civil rights actions, including the filing of two separate lawsuits for individual prisoners on this precise issue. (ECF No. 12 at 7.) There is no known or alleged conflict between counsel or the named Plaintiffs and the proposed Class. (*Id*.) Defendants do not dispute this prong of the analysis. (ECF No. 19.) As such, the Court finds that Plaintiffs have met their burden of showing that the named Plaintiffs and their counsel will fairly and adequately represent the Class.

5. <u>Rule 23(b)(2)</u>

Class certification is appropriate under Rule 23(b)(2) where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so

that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." However, where the claims asserted "do not lend themselves to the formulation of appropriate class-wide injunctive or declaratory relief" and where it is clear that the primary relief sought is monetary damages, it is within a district court's discretion to deny certification on this basis. *Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004). The Tenth Circuit has set forth an extensive explanation regarding when a class may be certified under Rule 23(b)(2):

> First, plaintiffs must demonstrate defendants' actions or inactions are "based on grounds generally applicable to all class members." Second, plaintiffs must also establish the injunctive relief they have requested is "appropriate for the class as a whole." Together these requirements demand "cohesiveness among class members with respect to their injuries . . . ."
>
> This cohesiveness, in turn, has two elements. First, plaintiffs must illustrate the class is "sufficiently cohesive that any classwide injunctive relief" satisfies Rule 65(d)'s requirement that every injunction "'state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required.'" (quoting Fed. R. Civ. P. 65(d)). Second, cohesiveness also requires that class members' injuries are "sufficiently similar" that they can be remedied in a single injunction without differentiating between class members. Rule 23(b)(2)'s bottom line, therefore, demands at the class certification stage plaintiffs describe in reasonably particular detail the injunctive relief they seek "such that the district court can at least 'conceive of an injunction that would satisfy [Rule 65(d)'s] requirements,' as well as the requirements of Rule 23(b)(2)."

*DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1199-1200 (10th Cir. 2010) (citations omitted).

Defendants contend that Plaintiffs cannot satisfy Rule 23(b)(2) because the amount of time each inmate has spent in administrative segregation varies amongst the

Class. (ECF No. 19 at 18.) For reasons already extensively discussed *supra,* the Court cannot agree that the different lengths of time during which the putative class members are housed in administrative segregation makes class certification inappropriate in this case. It may be that, if Plaintiffs succeed on the merits, the Court ultimately may order that there is a certain minimum time that an inmate must be at CSP before they have to be permitted outdoor exercise, or that only inmates at certain security levels must be allowed to exercise outdoors. However, the Court can draw whatever lines are necessary when fashioning the ultimate relief on the merits, and any injunction entered can still apply to the Class as a whole.

The entire proposed Class in this case is subject to the exact same policy of being denied all access to outdoor exercise while housed in administrative segregation at CSP. As Defendants' current policies require that all inmates spend at least nine months processing through the various levels of administrative segregation, each member of the Class will, at some point during their confinement at CSP, have a viable Eighth Amendment claim. *See Perkins*, 165 F.3d at 805. Plaintiffs have proposed injunctive relief that can apply to the Class overall, and the Court is capable of making whatever modifications necessary to comply with Rule 55(b) and the PLRA's requirement that injunctive relief be narrowly drawn. As such, the Court finds that Plaintiffs have met their burden under Rule 23(b)(2).

**C.     Conclusion**

As the Court has found that Plaintiffs have met their burden under each of the prongs of Rule 23(a), as well as Rule 23(b)(2), class certification is appropriate in this case. Accordingly, Plaintiffs' Motion for Class Certification (ECF No. 12) is granted, and

the Court certifies the following class in this case: "All inmates who are now or will in the future be housed in administrative segregation at the Colorado State Penitentiary and who are now or will in the future be subjected to the policy and practice of refusing to provide such inmates access to outdoor exercise."

## II. MOTION TO CONSOLIDATE

Before the above-captioned action was filed on behalf of all inmates in administrative segregation at CSP, a number of inmates had individually filed actions alleging an Eighth Amendment violation due to the lack of access to outdoor exercise. One of these cases, *Moore v. Arguello*, No. 13-cv-1861-WJM-BNB, is also pending before the undersigned. Plaintiffs in this case have moved to consolidate this action with the *Moore* case for purposes of discovery and other pre-trial matters. (ECF No. 22.) Defendants oppose the Motion, as does Plaintiff Moore. (*Id*. at 1.)

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Further, consolidation is committed to the sound discretion of the trial court. *Chimal v. Sledge*, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3*

*Commc'ns, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations omitted).

Having reviewed the above-captioned action and the *Moore* case, the Court finds that consolidation is not appropriate. While both cases arise out of the denial of outdoor exercise to inmates in administrative segregation at CSP, that is where the similarities end. The class action is brought against the Executive Director of the Colorado Department of Corrections and the Warden of the Colorado State Penitentiary. Plaintiff Moore brings his case against Chad Arguello and Tom Meek, two officers at CSP. Thus, the two actions do not involve the same parties.

More significantly, the two action do not seek the same type of relief. The class action seeks only injunctive relief requiring CSP to permit inmates access to outdoor exercise. Plaintiff Moore seeks monetary damages in the amount of $200,000. This is a significant difference that would affect the discovery needed in the cases, and alters the analysis of whether a trial by jury is necessary.

Finally, class counsel has made it clear that Plaintiff Moore does not wish to be represented by them. Therefore, consolidation would require the class action to be merged with a *pro se* prisoner Plaintiff, which could significantly complicate discovery conferences, scheduling conferences, and other administrative matters.

Given all of these considerations, the Court finds that consolidation of the above-captioned action with *Moore v. Arguello* is not in the interest of the parties, the attorneys, or the Court. As such, Plaintiffs' Motion to Consolidate is denied.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Consolidate (ECF No. 31) is DENIED;

2. Plaintiffs' Motion for Class Certification (ECF No. 12) is GRANTED;

3. The Court CERTIFIES the following class in this case:

> All inmates who are now or will in the future be housed in administrative segregation at the Colorado State Penitentiary and who are now or will in the future be subjected to the policy and practice of refusing to provide such inmates access to outdoor exercise.

Dated this 10th day of July, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge