IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-3399-WJM-KMT

RYAN DECOTEAU,
ANTHONY GOMEZ, and
DOMINIC DURAN,

     Plaintiffs,

v.

RICK RAEMISCH, in his official capacity as the Executive Director of the Colorado Department of Corrections, and
TRAVIS TRANI, in his official capacity as the Warden of the Colorado State Penitentiary and Centennial Correctional Facility,

     Defendants.

---

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

---

This class action lawsuit challenges certain policies of the Colorado Department of Corrections ("DOC"). (ECF No. 1.) Specifically, Plaintiffs claim that DOC's policy of denying outdoor exercise to certain inmates at the Colorado State Penitentiary ("CSP") is a violation of the Eighth Amendment. (*See generally id.*) This Court certified a class that, after certain amendments, is currently defined as follows: "All inmates who are now or will in the future be housed at the Colorado State Penitentiary and who are now or will in the future be subjected to the policy and practice of refusing to provide such inmates access to outdoor exercise." (ECF No. 93.)

Before the Court are Plaintiffs' Motion for Partial Summary Judgment (ECF No. 50) and Defendants' Motion for Summary Judgment (ECF No. 56). For the reasons stated below, the Court finds that neither party qualifies for summary judgment. The

motions are therefore denied.

## I.  LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  FACTS

The following facts are drawn from both summary judgment motions, and are undisputed unless otherwise noted.

**A.     Restrictive Housing**

When this lawsuit began in December 2013, CSP prisoners in "administrative

segregation" (solitary confinement) were, as a matter of DOC policy, denied all outdoor exercise. (Plaintiffs' Statement of Undisputed Material Facts ("Plaintiffs' Facts") (ECF No. 50 at 5–13) ¶¶ 2–9.) Effective June 30, 2014, however, DOC eliminated the term "administrative segregation" and replaced it with a new classification: "Restrictive Housing Maximum Security Status" ("Restrictive Housing"). (Plaintiffs' Facts ¶ 7.) The major difference between administrative segregation and Restrictive Housing is that inmates in Restrictive Housing have a presumptive limit on their stay—either six or twelve months, depending on the offense that warranted their placement in Restrictive Housing. (*Id*. ¶ 48; Defendants' Statement of Facts ("Defendants' Facts") (ECF No. 56 at 5–12) ¶¶ 12–13.) "Any extension beyond twelve (12) months must be approved by the Director of Prisons as well as the Deputy Executive Director, and must be based upon documented exigent circumstances." (ECF No. 50-3 at 14.)

Restrictive Housing still generally does not allow for outdoor exercise. (Plaintiffs' Facts ¶¶ 10, 46.) However, as of January 2015, inmates confined to Restrictive Housing for more than nine months are allowed to exercise for one hour per day, three days per week, in a setting that DOC characterizes as "outside." (Plaintiffs' Statement of Additional Material Facts ("Plaintiffs' Supplemental Facts") (ECF No. 83 at 7–12) ¶¶ 3–6.) This exercise takes place in what DOC calls a "walled outdoor courtyard of approximately 700 square feet." (ECF No. 95 at 2.) Plaintiffs describe this same area as "an indoor room adjacent to the gym measuring approximately 694 square feet with a metal mesh and razor wire ceiling. The room is surrounded on all sides by concrete walls that are approximately 20 feet high." (Plaintiffs' Supplemental Facts ¶ 6.) Obviously the parties dispute whether this area is truly out-of-doors. For simplicity, and

without any intent to resolve that issue at this point, the Court will refer to this area as the "exercise courtyard" or "courtyard."

Whether or not the exercise courtyard qualifies as "outdoors," the parties agree that Restrictive Housing inmates are not allowed full freedom of motion there. Rather, each must exercise in his own steel mesh cage (or "module," as the DOC calls it) measuring 10 feet long, 8 feet wide, and 8 feet tall. (*Id.*) DOC intends to construct (and may have already constructed) three such cages within the courtyard. (*Id.* ¶ 7.) "Given the security measures of transporting [Restrictive Housing] inmates, the cages can only provide exercise for 18 inmates, one hour each, three times per week." (*Id.* ¶ 8.)

**B.    MCU**

The same regulatory changes that substituted "Restrictive Housing" for administrative segregation also created a new housing classification, the "Management Control Unit," known as "MCU" for short. (Defendants' Facts ¶¶ 25–26.) MCU inmates at DOC's Sterling prison receive outdoor exercise three times per week. (*Id.* ¶ 30.) MCU inmates at CSP, however, may not exercise outside. (Plaintiffs' Supplemental Facts ¶ 11.) DOC claims that MCU inmates at CSP are "overflow" and should be transferred to Sterling within six months. (Defendants' Facts ¶ 31.) Plaintiffs deny that DOC has abided by this six-month timetable. (ECF No. 83 at 6, ¶ 31.)

**C.    CCTU**

Another new housing classification is the "Close Custody Transition Unit," or "CCTU." (Defendants' Facts ¶ 32.) CCTU inmates may exercise in the exercise courtyard once per week. (*Id.* ¶ 34.) CCTU inmates are not placed in the steel cages,

but those cages take up a certain amount of floor space in the courtyard, meaning CCTU inmates are left with about 450 square feet in which to exercise. (Plaintiffs' Supplemental Facts ¶¶ 14–15.)

### III. ANALYSIS

#### A. DOC's Motion

DOC's position is that, under its new regulations, no inmate will be deprived of outdoor exercise for an unconstitutionally long time. (ECF No. 56 at 13–20.) DOC's argument hangs on several premises, all of which are flawed, as discussed below.

##### 1. One-Year (or, Alternatively, Nine-Month) Deprivation

DOC's overall assumption is that it can avoid Eighth Amendment violations related to outdoor exercise if its housing classifications ensure that no inmate is deprived of outdoor exercise for longer than one year or, alternatively, nine months.

DOC derives the nine-month limit from *Perkins v. Kansas Department of Corrections*, 165 F.3d 803 (10th Cir. 1999), where the Tenth Circuit held that a prisoner could survive a motion to dismiss by alleging deprivation of "all outdoor exercise for more than nine months." *Id*. at 805, 810. As this Court previously explained, however, "[t]he nine-month period in *Perkins* came from the plaintiff's allegations, not from any direct analysis of the amount of time the state can lawfully withhold outdoor exercise. The Tenth Circuit might have just as easily accepted six or seven or eight months as sufficient to state a claim under the Eighth Amendment in that case." (ECF No. 93 at 6.)

As for the one-year limit, DOC cites *Ajaj v. United States*, 293 F. App'x 575 (10th

Cir. 2008). In that unpublished disposition, the Tenth Circuit concluded that the plaintiff's denial of "outdoor recreation [in] his first year at [the prison]" was "not sufficiently serious to implicate the Eighth Amendment." *Id*. at 584. The court went on to note that the plaintiff had "regularly declined opportunities to recreate outdoors," *id*., although it is not clear whether the court was referring to the plaintiff's first year in prison or to subsequent years in which outdoor exercise was theoretically available. In concurrence, Judge Henry stated that the record "demonstrate[d] that Mr. Ajaj was offered, but refused, outdoor exercise on several occasions during his first year [in prison]." *Id*. at 591. Thus, *Ajaj* appears distinguishable on at least that point.

In any event, *Ajaj* is, by the Tenth Circuit's own rules, citable only as persuasive authority. 10th Cir. R. 32.1(A). To the extent *Ajaj* meant to say that one year of outdoor exercise deprivation is permissible—and it is not clear that *Ajaj* meant to say this—the Court does not find it persuasive. In published authority, the Tenth Circuit has suggested that one hour per week of outdoor exercise is barely constitutional. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) ("Plaintiff admits that since he brought this suit, the prison officials have constructed an outdoor exercise facility which he is allowed to use for one hour per week. Although this amount of exposure to exercise and fresh air is still restrictive, we cannot say, without more, that it fails to satisfy the demands of the Eighth Amendment."). And, of course, *Perkins* held that nine months was sufficient to state a claim. 165 F.3d at 805, 810.

Thus, the Court rejects DOC's premise that a deprivation of nine months or one year does not amount to an Eighth Amendment violation.

### 2.    The Exercise Courtyard and the Cages

The Court is also unable to grant summary judgment to DOC because there is a material dispute of fact regarding whether the exercise courtyard is "outdoors," and if so, whether the exercise cages for Restrictive Housing inmates changes the analysis.

### 3.    Combined Effect of New Housing Classifications

Even assuming for argument's sake that a one-year (or nine-month) outdoor exercise deprivation is constitutional and that the exercise courtyard and cages qualify as "outdoors," DOC still is not entitled to summary judgment. DOC's new regulations do not necessarily prevent an unconstitutionally long deprivation of outdoor exercise. An inmate might be in Restrictive Housing for, say, eight months (short of the nine-month threshold at which he would be permitted to exercise in the cages), and then transferred to MCU status for, say, another six months. Because MCU status at CSP does not permit outdoor exercise, this hypothetical inmate would suffer a combined outdoor exercise deprivation of at least fourteen months. That exceeds even DOC's assumed one-year limit. Accordingly, DOC's new rules do not achieve DOC's stated goal of preventing deprivations of longer than one year.

For all of these reasons, the Court denies summary judgment to DOC.

## B.    Plaintiffs' Motion

The Court must also deny Plaintiffs' summary judgment motion. Plaintiffs frame their request for relief as follows: ". . . Plaintiffs are entitled to summary judgment on their claim that [DOC] fails to provide outdoor exercise to inmates in solitary confinement at CSP, in violation of the Eighth Amendment." (ECF No. 50 at 3.) Plaintiffs seek a ruling that is far too broad and generic under the circumstances, as

well as untethered to the facts of this case.  "[W]hat constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates."  *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994).  Plaintiffs' motion, in particular, does not address the question of duration, *i.e.*, how long of a deprivation is too long.

DOC, through its reliance on the *Perkins* and *Ajaj* decisions, appears to concede that nine months or one year is some sort of upper limit.  Conceivably the Court could enter summary judgment that any deprivation longer than one of these two time periods is an Eighth Amendment violation.  The Court declines to do so for two reasons.  First, such a ruling would only establish that nine months or one year is definitely too long; it would still leave open the possibility that a shorter duration is also too long.  Second, the parties dispute whether exercise in CSP's exercise courtyard, and in the cages within the courtyard, qualifies as outdoor exercise.  Thus, even if DOC began offering exercise in the courtyard to all CSP inmates who had been confined to indoor exercise for nine months or a year, the parties would still dispute whether DOC was permitting these inmates to exercise "outside."

For these reasons, the Court denies summary judgment to Plaintiffs.

## C.     Considerations for the Upcoming Trial

Having analyzed the parties' summary judgment positions, and having reviewed the Final Pretrial Order (ECF No. 85), the Court makes the following observations to assist the parties in their trial preparations.

It is already well-established as a matter of law that some amount of outdoor exercise is a basic human need, and therefore a prisoner's Eighth Amendment rights are violated by a total and prolonged deprivation of outdoor exercise. *See, e.g.*, *Fogle v. Pierson*, 435 F.3d 1252, 1259–60 (10th Cir. 2006); *Perkins*, 165 F.3d at 805, 810; *Bailey*, 828 F.2d at 653. The question, then, is the specifics, most importantly the length of deprivation and the penological interests served by that deprivation. *See Housley*, 41 F.3d at 599; *Perkins*, 165 F.3d at 810 n.8.

Courts have reached varying conclusions in this area, although almost all suggest that the maximum deprivation is much shorter than what DOC appears to be willing to accommodate at this point. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1132–33 (9th Cir. 2000) (six-and-a-half week deprivation held sufficient to state a claim); *Bailey*, 828 F.2d at 653 (one hour per week held constitutionally sufficient); *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (affirming district court's order of "one hour per day, five days a week"); *Anderson v. Colorado*, 887 F. Supp. 2d 1133, 1157 (D. Colo. 2012) (requiring access "at least one hour, at least three times per week, to outdoor exercise in an area that is fully outside and that includes overhead access to the elements").

Nonetheless, the Court must evaluate the circumstances unique to this case before reaching any decision. In that light, the parties should be prepared to present evidence at trial regarding at least the following topics:

- The penological interests served by denial of outdoor exercise.
- The extent to which the upper opening of CSP's exercise courtyard is

        obstructed (including photographs or video, or both, if possible).

- The penological interests served by obstructing the upper opening of CSP's exercise courtyard.

- The penological interests served by the cages now being installed in the exercise courtyard.

- The extent to which the cages prevent exposure to the elements and obstruct an occupant's ability to view the sky (including photographs or video, or both, if possible).

Having reviewed the summary judgment record and the Final Pretrial Order, it appears that the parties are prepared to present most of this evidence, although it is not clear whether the parties have the photographs or video specifically called for above. If not, the parties should confer and develop a schedule to obtain and exchange such evidence no later than thirty days before the Final Trial Preparation Conference currently set for October 23, 2015. Such photographs or video may be considered part of Plaintiffs' Exhibit 16 or Defendants' Exhibit 6, as appropriate.

In addition, Plaintiffs must also be prepared to take a position at trial on the minimum frequency and amount of outdoor exercise necessary to avoid an Eighth Amendment violation.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 50) is DENIED;

2. Defendants' Motion for Summary Judgment (ECF No. 56) is DENIED; and

3.  This matter REMAINS SET for a 4-day bench trial beginning November 9, 2015, at 8:30 a.m., with a Final Trial Preparation Conference set for October 23, 2015, at 2:30 p.m. in Courtroom A801.

Dated this 27th day of May, 2015.

BY THE COURT:

William J. Martinez
United States District Judge