**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-3399-WJM-KMT

RYAN DECOTEAU,
ANTHONY GOMEZ, and
DOMINIC DURAN,

       Plaintiffs,

v.

RICK RAEMISCH, in his official capacity as the Executive Director of the Colorado
Department of Corrections, and
TRAVIS TRANI, in his official capacity as the Warden of the Colorado State
Penitentiary and Centennial Correctional Facility,

       Defendants.

---

**ORDER REQUIRING PARTIES TO SUPPLEMENT MOTION FOR
PRELIMINARY APPROVAL**

---

This class action lawsuit challenges certain policies of the Colorado Department

of Corrections ("CDOC").  (ECF No. 1.)  Specifically, Plaintiffs claim that CDOC's policy

of denying outdoor exercise to certain inmates at the Colorado State Penitentiary

("CSP") is a violation of the Eighth Amendment.  (*See generally id.*)  This Court certified

a class (the "Class") that, after certain amendments, is currently defined as follows: "All

inmates who are now or will in the future be housed at the Colorado State Penitentiary

and who are now or will in the future be subjected to the policy and practice of refusing

to provide such inmates access to outdoor exercise."  (ECF No. 93.)

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of

Class Action Settlement and for Fairness Hearing ("Motion").  (ECF No. 115.)  Among

the issues this Court must consider when determining whether to grant preliminary approval is whether the parties have developed an adequate plan to provide notice to class members.  *See* Fed. R. Civ. P. 23(e)(1).

Currently, the parties' proposed settlement agreement ("Agreement") states only that they "will cooperate on a plan to provide the Notice to Class members."  (ECF No. 115-1 § VIII.B.)  Plaintiffs' Motion goes further, stating that "Plaintiffs propose to mail" the two notices contemplated by the Agreement.  (ECF No. 115 at 13.)  But, as worded, this appears to be nothing more than Plaintiffs' proposal, and not something to which Defendants have agreed.

Moreover, the Agreement does not specify how the parties will ensure notice to future class members.  (*See* ECF No. 93 at 7 (defining the class to include both current and "future" inmates).)  Specifically, the Agreement does not specify how the parties will ensure notice to inmates who enter RHM, MCU, or CCTU sometime after the original notices are delivered.  The Court is additionally concerned with how to handle notice to inmates who are placed in one of these statuses for only a short time, if any, such as an inmate moved from the general population to RHM during an investigation of a suspected crime.

The Court will require an addendum to the Agreement to resolve these concerns. Because the Agreement specifically contemplates the parties working out a notice plan later, the Court will consider an addendum signed by the parties' attorneys alone as sufficiently binding.

The Court therefore ORDERS as follows:

1.     The Court continues to RESERVE RULING on Plaintiffs' Unopposed Motion for

2

Preliminary Approval of Class Action Settlement and for Fairness Hearing (ECF No. 115); and

2.   On or before **December 2, 2015**, the parties shall file an addendum to the proposed settlement agreement (ECF No. 115-1) specifying the process by which: (a) notice will be delivered to current class members, and (b) the parties will ensure that notice is delivered to inmates who enter RHM, MCU, or CCTU sometime after the original notices are delivered.

Dated this 16th day of November, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

3